ON the 38th of August, 1819, Miller executed to Lair the following obligation : “ I. James Miller, one of the executors of Hugh Miller, deceased, promise to pay to John Lair, sen. the sum of seven hundred and twenty tnree dollars, out of any part of the estate of said deceased, in my hands, as executor of said estate, it being in consideration of a debt due said Lair, by said deceased, as security for Daniel 1 alahan. in a title bond for the land on which said Lair resides, which land lias been lost. Given under my hand and seal, this 28th of August, '819.
JAMES MILLER, íseai*.)”
To recover from Miller on this obligation, Lair brought an action of debt in the circuit court. The declaration, after setting out the obligation and making profert thereof, in the accustomed form, alleges for breach, the failure of Miller to pay the amount out of any part, of the estate of the testator, in his hands as executor. &c..
Miller demurred to the declaration, and pleaded that there was no estate of the testator in his hands, as executor. eit her at (he time of executing the obligation declared on, or at any time since, out of which the debt mentioned in the obligation, or any part thereof could have been paid &c.
Lair joined the demurrer to the declaration, and demurred to the plea; and Miller having joined tbeds-. *67 jnurrer to bis plea, judgment was rendered against Lair- ... .
in a suit agaiust mi ex« pay out°of ai ny part of estate of as executor, the executor pieading lac$i of assets,
0n 3uch eoarconsidera00”' tion being a debt due by exe- uto» ¡‘s not ej¡at>le further than bebas re ^dft' h^hag received ho assets, is not hable at all-,
... . The assignment of errors, questions the propriety ¡of the decision of the court, on the demurrers.
2. The correctness of the decision, turns mainly on the legal import of the obligation on which the action is founded ; for if. under the obligation, the extent of Miller’s liability is to be measured by the assets in his bands, as executor, it was unquestionably competent for him to plead the lack of assets, and his plea it sub. stantially a denial of assets. And that the obligation ought not to be construed to impose on Miller any Si ability beyond the amount of assets, will be apparent by adverting to the consideration for which it was given. The obligation purports to have been given by Miller, in consideration of a debt due Lair by the testator; and it has long ago been held, that a prom, ise made by an executor, on such a consideration, will not charge him de bonis propriis — 1 Saund. 210. Ac. cordingly, it is said, that *< the promise of an executor, to pay the testator’s debt, is a mere nudum pactum, if there be no assets, and if there be assets, the extent of the promise is measured by the extent of the assets; or, in other words, the promise superinduces no obli gation upon the original representative liability”— Roberts on Frauds, 206; see also, Note 2, to 1 Saund. 211. It is true, the principle to which we allude, was first adopted, and afterwards recognized, incases of parol promises. But, if on a parol promise to pay the testator’s debt, an executor is not chargeable be. yond the assets, it seems necessarily to result, that un. der the laws of this country, he cannot be further chargeable on an obligation given by him in consideration of the testator’s debt. For, by an act of this country, a defendant is peirnittedto impeach and go into the consideration of sealed writings, in the same manner as if they were unsealed, and as it is in consequence of a defect in the consideration; that an executor, at common law, was not chargeable de bonis propriis, on a parol promise to pay the testator’s debt; so now, under the statute allowing the consideration of sealed wriiings to be inquired into, wherever such a writing appears to have been given by the executor, in consideration of the debt of the testator, the liabilL *68 ty of the executor, cannot be greater than it would have been, if the writing were not sealed.
If, at the time of executing the obligation. Miller bad assets of the estate of the testator in his hands, he would, we apprehend, be liable to the extent of those assets ; but we cannot admit, as was contended in argument, that Miller is estopped by the obligation, to deny that he had assets. It has been held, that if a condition of a bond be, to perform all agreements set down by it, the obligor may say, that no agreement was set down by it; or, if the condition be, to carry away all the mail in such a close, he may say, ihat there was no mail there; or if it be to release all his right in B. he may say he has no right there — Com. Big. title ‘ Estopple,’ A. 2.
These authorities are not precisely like the c ase under consideration ; but they are very analagousin principle, and are satisfactory to show, that by the stipulation in the obligation of Miller, to pay out of any assets in his hands, he is not estopped to deny having assets.
It results, that the judgment must be affirmed with costs.